# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v | : | Criminal No. CCB-08-0335 |
| DAVID ELLERBY | : | |

o0o

## MEMORANDUM

On March 25, 2010, the court heard evidence and oral argument on the defendant's motions for speedy trial and to dismiss the indictment. The government supplemented the record by letter dated March 26, 2010, and on April 6, 2010 defense counsel provided a list of additional issues to be litigated before trial. The defendant renewed his motions (pro se) on June 8, 2010, and counsel filed a petition for writ of mandamus on June 23, 2010 seeking a trial date to be ordered.

### Background

On November 14, 2008, the defendant David Ellerby was sentenced to three concurrent terms of life in prison, plus two concurrent terms of 30 years, in another criminal case charging violations of the federal narcotics law (CCB-07-064). That case is presently on direct appeal before the Fourth Circuit (08-5165).

On July 15, 2008, Ellerby was indicted in the present case on a charge of narcotics distribution that allegedly occurred in Baltimore City on March 2, 2004. Ellerby was tried and acquitted on this charge in state court, but the government sought and obtained a Petite waiver in order to seek the indictment. The government has represented that, if the convictions in CCB-07-064 are upheld on appeal, it will dismiss the 2008 indictment. Accordingly, on February 10, 2009 the court granted the government's motion for continuance under the Speedy

1

Trial Act, 18 U.S.C. § 3161, finding the ends of justice supported a delay until the appellate process was complete.

Counsel who represented Ellerby in February 2009 was permitted to withdraw in May 2009. New counsel was permitted to withdraw in January 2010. Current counsel requested and was granted an evidentiary hearing, which was held March 25, 2010, so that the court could assess Ellerby's claims of prejudice resulting from the delay in setting a trial date in this case.

Ellerby seeks to dismiss the 2008 indictment based on: (1) pre-indictment delay violating the due process clause; (2) post-indictment delay violating the Sixth Amendment; and (3) post-indictment delay violating the Speedy Trial Act.

As to pre-indictment delay, the court will assume that *Jones v. Angelone*, 94 F.3d 900 (4th Cir. 1996) remains controlling law, and that the defendant must show actual prejudice but not necessarily intentional delay by the government to gain a tactical advantage. *Id.* at 904-905 (citing) *Howell v. Barker*, 904 F.2d 889 (4th Cir. 1990)). If the defendant shows actual prejudice, the court must then balance the prejudice against the government's justification for delay. *Id.* at 904. The prejudice must be "substantial," such that the defendant "was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." *Id.* at 907.

Ellerby's only relevant claims of prejudice at the hearing related to witnesses. He cited the death of a co-defendant, Frank Smith, who testified regarding standing at a motions hearing but then pled guilty in the state case. No specific exculpatory testimony was proffered that could have been provided by Mr. Smith, and standing is not an issue. Similarly, a witness who has now moved away testified to the police damaging the door when they entered the house, but

offered nothing exculpatory as to Ellerby's alleged possession of drugs. Further, the testimony of the witnesses apparently was recorded during the 2004 proceedings and is therefore available to Ellerby for trial preparation if this case is tried in federal court. In summary, no actual prejudice has been shown that would warrant relief on the pre-indictment due process claim.

Regarding the Sixth Amendment claim the court must balance four factors: "(1) the length of delay; (2) the reasons therefor; (3) the timeliness and vigor of the assertion of the speedy trial guarantee; and (4) prejudice to the defendant." *U.S. v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009). To prevail, Ellerby must show that "on balance, [the] four separate factors weigh in his favor." *Id.*, (quoting *U.S. v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

As to the third factor, Ellerby prevails, as he began to assert his request for a speedy trial in November 2008. The first factor, length of delay, is less weighted in Ellerby's favor, but the court will assume the two-year time period requires further speedy trial analysis. *See id.* at 272.

The fourth factor, prejudice, includes three defense interests. The first two – oppressive pretrial incarceration and anxiety and concern – do not weigh in favor of Ellerby because he was in pretrial detention and post-conviction incarceration for more serious offenses during the same time period. *See id.* The third interest – impairment of the defense - has not been shown, for the reasons stated above.

Finally, the reason for delay is at worst "neutral." Initially, the government was involved in trial of the more serious offenses; subsequently, it has been litigating the appeal with a promise to dismiss the 2008 charge if the appeal is not successful. Ellerby's current status of incarceration would not change even if he were tried and found not guilty on the 2008 charge. Given the likelihood that the Fourth Circuit will resolve the appeal in CCB-07-064 in the

3

reasonably foreseeable future, it makes little sense to spend judicial, prosecutorial, and defense time and resources on the various matters that would need to be litigated before trial, as well as the time and expense of witnesses and jurors for the trial itself, when those efforts may not be necessary.

Ellerby's third ground for dismissal is alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* That Act, however, provides for the exclusion of all time from the filing of a pretrial motion through a hearing on that motion, if one is requested and granted. *See*, *e.g.*, *Henderson v. U.S.*, 476 U.S. 321, 326 (1986); *U.S. v. Bush*, 404 F.3d 263, 273-74 (4th Cir. 2005); *U.S. v. Osteen*, 254 F.3d 521, 525 (4th Cir. 2001). Otherwise, time is excluded for 30 days after a motion (including a Speedy Trial Act motion) is fully briefed. *U.S. v. Stoudenmire*, 74 F.3d 60, 63 & 63 n.6 (4th Cir. 1996); *U.S. v. Parker*, 30 F.3d 542, 546 (4th Cir. 1994).

The Act also provides for exclusion of time when delay results "from other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1), and exclusions of time in the interests of justice, 18 U.S.C. § 3161(h)(7)(A) so long as findings are made on the record contemporaneously or before ruling on any motion to dismiss. *Zedner v. U.S.*, 547 U.S. 489, 506-07 (2006).[1] Those findings were made in this case in the Order issued February 10, 2009, ruling on the government's motion to continue trial until the appeal on the other charges was concluded. *See* 18 U.S.C. § 3161(h)(1)(B); *see also* U*.S. v. Lyon*, 588 F.2d 581, 582 (8th Cir. 1979).

Combined, the exclusions of time for pending motions and the appeal of other drug charges, including a life sentence, satisfy the Speedy Trial Act and do not require dismissal.

---

1 Since holding in *Zedner*, 18 U.S.C. § 3161(h)(8)(A) was redesignated at 18 U.S.C. § 3161(h)(7)(A).

Nonetheless, counsel will be contacted in the near future to discuss the current status of this case and the appeal in CCB-07-064.

A separate Order follows.

| | |
|---|---|
|   July 30, 2010   <br> Date |          /s/                 <br> Catherine C. Blake <br> United States District Judge |